UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| BARBER | CIVIL ACTION NO. 10-0808 |
| VERSUS | CHIEF DISTRICT JUDGE DEE D. DRELL |
| SHINSEKI | MAGISTRATE JUDGE JAMES D. KIRK |

MEMORANDUM RULING

Before the court is plaintiff's pro se motion for appointment of a medical expert, doc. #73. This is a medical malpractice case against the Veteran's Hospital in Alexandria. Plaintiff claims that he suffered a torn colon during a colonoscopy procedure where polyps were removed by hot forceps, required surgery, a colostomy, and reversal of the colostomy.

I initially denied the motion as premature, but vacated that order. The motion was discussed in the telephone conference with the court on October 4, 2012. At that time I requested that defendant provide the court with a copy of its expert report and the pertinent medical records. The government obliged and I have reviewed the report and records.

Plaintiff is proceeding pro se and as an indigent. Appointment of an expert for an indigent litigant is discretionary. Here, the appointment is not necessary and would add nothing to the medical evidence already produced and which will be introduced at the trial. See Hulsey v. Thaler, 421 Fed. Appx. 386 (5th C. 2011) (unpublished), and cases cited therein. Plaintiff will not be prejudiced by the failure to appoint an expert. The facts of this case are simple and the record reflects that a perforated colon is a known complication of a colonoscopy procedure and is one which plaintiff was

informed of prior to the procedure and which plaintiff consented to. The Government's expert report by Dr. Phillip Cole, a specialist with which this court is familiar, is to the same effect. Additional expert testimony is not needed on the reason for the torn colon, the fact that it is a known risk of the procedure, or that plaintiff consented to the procedure with knowledge and acceptance of the risk.[1]

Neither may an expert be appointed under 28 U.S.C. §1915. Pedraza v. Jones, 71 F.3d 194 (5th C. 1995), Hannah v. U.S., 523 F.3d 597 (5th C. 2008).

Although the discussion above shows that an expert should not be appointed, the district judge always retains the authority to appoint one under FRE 706 where such would assist the court in understanding the evidence.

Therefore, for the foregoing reasons, the motion for appointment of an expert witness is DENIED, reserving, however, the district judge's discretion to appoint one for the court if, in his discretion, it is indicated.

THUS DONE AND SIGNED in chambers, in Alexandria, Louisiana, on this 25th day of , 2012.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE

---

[1] As concerns the court's having reviewed the expert report and pertinent medical records, see Patel v. U. S., 399 Fed. Appx. 355 (10th C. 2010).